# Frank Supple, Appellant, v. Charles Kaufman, Appellee.

DAMAGES—*when reversal not ordered to permit recovery of nominal damages.* After two verdicts have been rendered in favor of a defendant the second verdict will not be set aside if the evidence will support the same in order to enable the plaintiff to recover merely nominal damages.

Action commenced before justice of the peace. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 9, 1911. Rehearing denied November 8, 1911.

LESTER H. MARTIN, LOUIS FITZ HENRY and HERRICK & HERRICK, for appellant.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellee.

MR. JUSTICE FROST delivered the opinion of the court.

This case was originally brought in justice court, and on appeal to the circuit court of McLean county has been twice tried, the verdict of each trial being for appellee. From a judgment against appellant for costs appeal is taken to this court. The case is upon a contract made in October, 1907, whereby appellee agreed to deliver to appellant on or before January 1, 1908, 1,500 bushels of corn at 50 cents per bushel. Appellee claims he was ready to deliver the corn in November and December, and would have done so but for the action of plaintiff in refusing delivery, as he testifies, and that he was thereby released from his contract. Appellee claims also that the price of corn, during the time delivery was to be made under the contract was below 50 cents per bushel, and therefore appellant sustained no injury beyond nominal damages. Appellant claims that an extension of the time of delivery was made at the instance of appellee, with no certain time fixed for delivery, and that he wrote appellee a letter March 9, 1908, asking appellee when he would deliver the corn; that appellee made no reply but sold his corn in the same month to another dealer for 51 cents per bushel. There was some conversation between the parties concerning the corn early in January, 1908, the result of which was that appellee refused, as he testifies, to deliver the corn upon the conditions as to its quality required by appellant, and which were different, as appellee says, from the contract. Appellee testifies that appellant then demanded a settlement on account of such refusal. The jury could properly have

found from the evidence that appellee had been released from his contract to deliver by the refusal of appellant to take the corn before January 1st, or if the time was extended generally, as appellant claims, that early in January, 1908, appellee refused to deliver the corn. Appellant's right to damages would then be fixed by the date of such refusal, and as the price of corn was then not over 50 cents a bushel, only nominal damages would result.

The jury were fully instructed as to the law of the case and we do not think there was any reversible error in refusing to give instructions asked by appellant or in the giving of those for appellee.

This case having been twice tried, with a verdict each time for defendant, we are of the opinion this judgment ought not to be reversed to allow the plaintiff to recover nominal damages only, when the evidence will support a verdict for the appellee. In our opinion the judgment ought to be affirmed.

*Affirmed.*